Goriune Dudukgian, AK Bar No. 0506051
James J. Davis, Jr., AK Bar No. 9412140
**NORTHERN JUSTICE PROJECT, LLC**
406 G Street, Suite 207
Anchorage, AK 99501
Tel: (907) 308-3395
Fax: (866) 813-8645
Email: gdudukgian@njp-law.com
Email: jdavis@njp-law.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JEANNIE DUVALL,<br><br>        Plaintiff,<br><br> v.<br><br>PORTFOLIO RECOVERY<br>ASSOCIATES, LLC,<br><br>        Defendant.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No. 3:20-cv-00089-JWS |

**COMPLAINT**

COMES NOW plaintiff Jeannie Duvall, by and through counsel, the Northern Justice Project, LLC, and for her complaint against defendant Portfolio Recovery Associates, LLC, alleges and requests relief as follows:

**JURISDICTION AND VENUE**

1. The jurisdiction of this Court is invoked pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over plaintiff's state law

claims pursuant to 28 U.S.C. § 1367 because they arise from a common nucleus of operative facts.

**PARTIES**

2. Plaintiff Jeannie Duvall is a natural person residing in Anchorage, Alaska.

3. Defendant Portfolio Recovery Associates, LLC ("Portfolio") is a limited liability company with its principal place of business in Norfolk, Virginia. The principal purpose of Portfolio's business is the collection of debts, which it accomplishes by use of the mails, telephone, and other instrumentalities of interstate commerce. Portfolio is thus a "debt collector" for purposes of the Fair Debt Collection Practices Act ("FDCPA") and Alaska's Unfair Trade Practices and Consumer Protection Act ("UTPA").

**GENERAL ALLEGATIONS**

4. Portfolio is the nation's second largest debt buyer and debt collector. Portfolio buys charged-off credit card debts from banks and other creditors in bulk portfolios. Portfolio purchases these delinquent accounts for pennies on the dollar and then seeks to collect the full amount of the debt from the alleged debtor by sending dunning letters and filing collection suits. In 2013 alone, Portfolio purchased more than $4.7 billion of charged-off debts.

5. When Portfolio purchases debt portfolios, it typically only receives an electronic file, in the form of a spreadsheet, from the seller. The spreadsheet contains certain limited information about the alleged debtor, such as name, address, and social security number, and certain limited information about the alleged debt, such as the

account number, purported amount of the debt, and the alleged dates of origination and default. Portfolio does *not* usually obtain the underlying documents and proof relating to the purchased debts, such as the relevant credit card applications and agreements, copies of monthly statements or credit slips, or a full transactional history of the accounts. Portfolio knows that the information contained in the sale file is often inaccurate, incomplete, or otherwise unreliable and that some of the accounts in the portfolio may be unenforceable.

6. Portfolio churns out approximately 3,000 debt collection suits each week throughout the country. Portfolio does not require its attorneys to verify the debts by reviewing any account-level documents prior to filing suit.

7. Portfolio files many of its collection suits without having in its possession any admissible evidence, or the ability to get such evidence, to prove up the alleged debts in court. Instead, Portfolio has a pattern and practice of relying on self-serving, robo-signed affidavits which are false and/or misleading because the affiants lack personal knowledge of the matters to which they are attesting. The affidavits often reference various documents without actually attaching them for the court or alleged debtor to review. Portfolio also regularly seeks to collect various credit card fees and charges (such as "credit protection" fees, late fees, and interest) without having in its possession, or the ability to obtain, the actual contract authorizing such charges. The federal Consumer Financial Protection Bureau ("CFPB") has taken enforcement action against Portfolio for employing these sorts of unfair, deceptive, and illegal debt collection practices.

8. Portfolio engages in these pernicious practices with the knowledge and expectation that only a miniscule number of its collection cases will ever be scrutinized by a judge. Instead of proof, Portfolio relies on a strategy of scattershot litigation and a high-volume default judgment business model, because it knows that the vast majority of consumers sued by Portfolio cannot afford to hire an attorney to defend themselves against Portfolio's baseless collection suits.

9. Since January 1, 2018, Portfolio has filed more than 900 debt collection suits in Alaska.

10. On or about August 20, 2019, Portfolio filed a collection suit against plaintiff Jeannie Duvall in Alaska state court. The case was captioned *Portfolio Recovery Associates LLC v. Jeannie Duvall*, Case No. 3AN-19-09799 CI. Portfolio claimed to be the assignee of a credit card account allegedly issued to Ms. Duvall by Citibank, N.A. Portfolio sought to collect a "current unpaid balance" of $1,699.00 from Ms. Duvall.

11. Prior to filing Case No. 3AN-19-09799 CI, Portfolio sent Ms. Duvall three or more dunning letters seeking to collect the alleged balance of $1,699.00 on the Citibank credit card account. Portfolio also telephoned Ms. Duvall more than 200 times in an attempt to collect this alleged debt.

12. The alleged balance of $1,699.00 that Portfolio sought to collect from Ms. Duvall on the Citibank credit card account includes interest charges and "Late Fee" charges which, on information and belief, are not expressly authorized by any signed cardholder agreement creating the debt or permitted by law. As of the date of this

COMPLAINT
*Jeannie Duvall v. Portfolio Recovery Associates, LLC*
Page 4 of 7

Complaint, Portfolio has been unable to produce the actual credit card agreement(s) applicable to the account. Instead, Portfolio has only produced a generic contract which does not bear Ms. Duvall's name, account number, or signature and has a copyright date of 2016, which is 5 years after the account was allegedly opened in 2011.

13. Unlike most Alaskans who are sued by Portfolio, Ms. Duvall obtained legal representation and filed an answer in Case No. 3AN-19-09799 CI on November 11, 2019. In her answer, Ms. Duvall denied Portfolio's allegations concerning the validity of the Citibank debt. Ms. Duvall further averred that the alleged debt was barred by AS 06.05.209(a) and 15 U.S.C. §1642, and that Portfolio lacked standing to sue on the account.

14. Despite the fact that Ms. Duvall has disputed the validity of the credit card debts at issue in Case No. 3AN-19-09799 CI, Portfolio has continued to report the debt to credit reporting agencies without communicating to the agencies that the debt is disputed.

## CLAIMS FOR RELIEF

**COUNT I – VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT**

15. Plaintiff repeats and incorporates by reference the allegations in each of the preceding paragraphs.

16. The FDCPA broadly prohibits unfair or unconscionable collection debt collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements made in connection with the collection of a debt;

it also requires debt collectors to give debtors certain information. *See* 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

17. At all times relevant to this action, Portfolio has been a "debt collector" subject to the prohibitions of the FDCPA.

18. Portfolio violated 15 U.S.C. § 1692e(8) by reporting the credit card debt at issue in Case No. 3AN-19-09799 CI to one or more credit reporting agencies without communicating to the agencies that the debt is disputed by Ms. Duvall.

19. Portfolio violated 15 U.S.C. § 1692f(1) by seeking to collect fees and charges from Ms. Duvall with regard to the alleged Citibank credit card debt which are not expressly authorized by the agreement creating the debt or permitted by law.

**COUNT II – VIOLATIONS OF ALASKA'S UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION ACT**

20. Plaintiff repeats and incorporates by reference the allegations in each of the preceding paragraphs.

21. The UTPA stands as a sentinel against unethical and unscrupulous conduct on the part of independent debt collectors operating in Alaska. *See State v. O'Neill Investigations,* 609 P.2d 520, 523 (Alaska 1980).

22. Defendant violated the UTPA by (1) reporting the credit card debt at issue in Case No. 3AN-19-09799 CI to one or more credit reporting agencies without communicating to the agencies that the debt is disputed by Ms. Duvall; (2) seeking to collect fees and charges from Ms. Duvall in addition to the principal amount of the alleged Citibank credit card debt which are not expressly authorized by the agreement creating

the debt or permitted by law.

23. Plaintiff has suffered an ascertainable loss of money or property as a result of the defendant's violations of the UTPA.

**WHEREFORE,** plaintiff prays for the following relief:

(1) An award of actual or statutory damages under 15 U.S.C. §1692k(a) in an amount to be determined at trial.

(2) An award of actual or statutory damages under AS 45.50.531(a) in an amount to be determined at trial.

(3) An award of full reasonable attorney fees and costs.

(4) For such other and further equitable relief as this Court may deem just under the circumstances; and

All other proper relief.

DATED this 20th day of April, 2020.

                                                NORTHERN JUSTICE PROJECT, LLC
                                                Attorneys for Plaintiff

                                                By: /s/ Goriune Dudukgian
                                                    Goriune Dudukgian, ABA No. 0506051
                                                    James J. Davis, Jr., ABA No. 9412140