Goriune Dudukgian, AK Bar No. 0506051
James J. Davis, Jr., AK Bar No. 9412140
**NORTHERN JUSTICE PROJECT, LLC**
406 G Street, Suite 207
Anchorage, AK 99501
Tel: (907) 308-3395
Fax: (866) 813-8645
Email: gdudukgian@njp-law.com
Email: jdavis@njp-law.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JEANNIE DUVALL, | Case No.: 3:20-cv-00089-JWS |
| | Consolidated with |
| ALLEASE RIDDLE, | 3:20-cv-00090-JWS |
| | 3:20-cv-00091-JWS |
| LORRENA TERRY, | |
| | |
| Plaintiffs, | **PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR ATTORNEY'S FEES** |
| vs. | |
| | |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, | |
| | |
| Defendant. | |

## I.    PRELIMINARY STATEMENT

Plaintiffs Jeannie Duvall, Allease Riddle, and Lorrena Terry filed suit against

Portfolio Recovery Associates, LLC ("Portfolio") – a multi-billion dollar company that

PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR ATTORNEY'S FEES
*Jeannie Duvall, et al. v. Portfolio Recovery Assocs., LLC*
Case No.: 3:20-cv-00089-JWS (consolidated)
Page 1 of 11

Case 3:20-cv-00089-JWS   Document 30   Filed 01/27/21   Page 1 of 11

is one of the largest debt collectors in the United States[1] – for clear-cut violations of the Fair Debt Collection Practices Act ("FDCPA").[2] In short, plaintiffs alleged that Portfolio violated § 1692e(8) of the FDCPA by reporting credit card debts at issue in state court collection suits to credit reporting agencies without communicating to the agencies that the plaintiffs disputed those debts.

Portfolio's liability was clear at the outset. As this Court noted, the plaintiffs had clearly disputed the relevant debts through their "denials in the underlying debt collection action[s] . . . ." (Doc. 13 at 8) But instead of conceding its liability, Portfolio prolonged these cases by filing motions to dismiss that this Court found were "without merit." (Doc. 13 at 7-8) After this Court denied Portfolio's motions to dismiss, which bordered on the frivolous, Portfolio finally accepted the inevitable and made offers of judgment to each plaintiff. (Docs. 23-25)

Each offer allowed for judgment to be entered against Portfolio in the amount of $1,500 per plaintiff. (*Id.*) Each offer also allowed for the recovery of reasonable attorney's fees and costs as follows: "[J]udgment shall also be entered against Defendant for reasonable attorneys' fees and costs incurred by [the Plaintiffs] in prosecuting the claims

---

[1]     *See* Consent Order*, In re Portfolio Recovery Associates, LLC.,* 2015-CFPB-0023 ( Sept. 3, 2015) at ¶¶ 24-26 *, available at* http://files.consumerfinance.gov/f/201509_cfpb_consent-order-portfolio-recovery-associates-llc.pdf (visited Jan. 19, 2021).

[2]     Plaintiffs also asserted supplemental counts under Alaska's Unfair Trade Practices and Consumer Protection Act (UTPCPA). *See Alaska Trustee, LLC v. Ambridge,* 372 P.3d 207, 226 (Alaska 2016) (holding that a violation of the FDCPA "inescapably" violates the UTPCPA).

PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR ATTORNEY'S FEES
*Jeannie Duvall, et al. v. Portfolio Recovery Assocs., LLC*
Case No.: 3:20-cv-00089-JWS (consolidated)
Page 2 of 11

alleged in [Plaintiffs'] Complaint in the above-captioned matter[s], pursuant to 15 U.S.C. §1692k(a)(3), as agreed to by the parties, and, in the event no agreement can be reached, as to be determined by the Court." (*Id.*)

All three plaintiffs accepted Portfolio's offer. (*Id.*) Accordingly, this Court entered final judgment on January 14, 2021. (Doc. 28) But unfortunately, the parties have not been able to reach an agreement on attorney's fees and costs.

As set forth below, the plaintiffs' lodestar in these cases is $26,220. This lodestar amounts to a very reasonable average of $8,740 per case. Yet Portfolio has offered to pay only $6,000 for all three cases, including *both* attorney's fees and costs.[3] After accounting for costs,[4] Portfolio only offered $4,800 in attorney's fees for the three cases, which is less than 20% of the lodestar.

Portfolio's refusal to pay the plaintiffs their reasonable fees, or anything even vaguely approaching the lodestar amount, has necessitated this further briefing and court intervention. The plaintiffs now respectfully request that this Court award $26,220 in attorney's fees, plus any additional fees incurred in responding to Portfolio's opposition to this motion.

---

[3]     *See Declaration of Goriune Dudukgian* at Exhibit 1, p.2.

[4]     Plaintiffs will be filing a separate bill of costs in accord with Federal Rule of Civil Procedure 54(d) and Local Rule 54.1. Plaintiffs' costs consist only of the three filing fees, totaling $1,200.

PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR ATTORNEY'S FEES
*Jeannie Duvall, et al. v. Portfolio Recovery Assocs., LLC*
Case No.: 3:20-cv-00089-JWS (consolidated)
Page 3 of 11

## II. ARGUMENT AND AUTHORITIES

### A. The FDCPA Mandates an Award of Reasonable Fees to the Plaintiffs.

Section 1692k(a)(3) of the FDCPA entitles a successful plaintiff to recover "the costs of the action, together with a reasonable attorney's fee as determined by the court." The purpose of this provision is to attract competent counsel, "as a means of fulfilling Congress's intent that the Act should be enforced by debtors acting as private attorneys general."[5] The Ninth Circuit has made clear that an award of fees is *mandatory* under the FDCPA's fee-shifting provision.[6] This is true even where, as here,[7] the plaintiffs have not paid out of pocket for the attorney's fees.[8]

Here, there is no question that the plaintiffs were "successful" in this action.[9] Each

---

[5] *Graziano v. Harrison*, 950 F.2d 107, 113 (3d Cir. 1991); *see also Tolentino v. Friedman*, 46 F.3d 645, 651 (7th Cir. 1995) ("The reason for mandatory fees is that congress chose a 'private attorney general' approach to assume enforcement of the FDCPA.").

[6] *See Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) ("The FDCPA's statutory language makes an award of fees mandatory."). Similarly, under the UTPCPA, "a prevailing plaintiff *shall* be awarded costs as provided by court rule and full reasonable attorney fees at the prevailing reasonable rate." AS 45.50.537(a) (emphasis added).

[7] *See Declaration of Goriune Dudukgian* at ¶11.

[8] *See Blum v. Stenson*, 465 U.S. 886, 894-96 (1984); *Hish v. Chiquoine & Molberg, S.C.*, 2014 U.S. Dist. LEXIS 356, at * 6-11 (W.D. Wis. Jan. 3, 2014) (applying *Blum* in the context of an FDCPA action); *cf. Jordan v. U.S. Dep't of Justice,* 691 F.2d 514, 523-24 (D.C. Cir. 1982) (noting that "fee allowances are basically to be measured by the market value of the services rendered, not the amount actually received by the attorney nor the amount that would have been received absent an award of fees").

[9] *Compare Zagorski v. Midwest Billing Servs.*, 128 F.3d 1164, 1166 (7th Cir. 1997) (holding that plaintiffs brought a "successful action" for purposes of § 1692k(a)(3) where the

PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR ATTORNEY'S FEES
*Jeannie Duvall, et al. v. Portfolio Recovery Assocs., LLC*
Case No.: 3:20-cv-00089-JWS (consolidated)
Page 4 of 11

of the plaintiffs obtained a judgment against Portfolio in the amount of $1,500, which is in excess of the maximum amount of statutory damages available under the FDCPA.[10] Moreover, Portfolio's offers of judgment explicitly included "reasonable attorneys' fees and costs . . . pursuant to 15 U.S.C. § 1692k(a)(3)."[11] (Docs. 23-25) Thus, an award of reasonable attorney's fees is *required* in this case.

### B. Plaintiffs' Fee Award Must Be Determined Using the Lodestar Method.

The lodestar method is used to calculate attorney's fee awards in FDCPA cases.[12] The lodestar is calculated by taking the number of hours that the prevailing party reasonably expended on the litigation and multiplying it by a reasonable hourly rate.[13] The resulting "lodestar" figure presumptively represents a reasonable fee award.[14]

### 1. Counsels' Hourly Rates are Reasonable.

A "district court must determine a reasonable hourly rate considering the

---

parties stipulated to "the entry of judgment against the defendants in the amount of $ 100 plus costs.").

[10] *See* 15 U.S.C. § 1692k(a)(2)(A) (authorizing an award of statutory damages "not exceeding $1,000).

[11] *Compare Camacho*, 523 F.3d at 978 (noting that "pursuant to the Settlement Agreement, Bridgeport Financial agreed to pay reasonable and necessary attorneys' fees and costs.").

[12] *See id.*

[13] *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001).

[14] *See, e.g., Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013).

PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR ATTORNEY'S FEES
*Jeannie Duvall, et al. v. Portfolio Recovery Assocs., LLC*
Case No.: 3:20-cv-00089-JWS (consolidated)
Page 5 of 11

experience, skill, and reputation of the attorney[s] requesting fees." [15] "The normal evidence [to establish a reasonable hourly rate] includes declarations of the prevailing party's attorney and rate determinations in other cases, particularly those setting a rate for the prevailing party's attorney."[16]

A reasonable hourly rate for purposes of the lodestar does not depend on "the rates actually charged the prevailing party," but is determined objectively based on the market rate, i.e., "the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation."[17] "In order to encourage able counsel to undertake FDCPA cases, as congress intended, it is necessary that counsel be awarded fees commensurate with those which they could obtain by taking other types of cases."[18]

Three attorneys with the Northern Justice Project, LLC ("NJP") billed time on this case. All three are accomplished consumer law attorneys. James J. Davis, Jr. is one of NJP's founding partners and has over 33 years of legal experience. His standard billing rate is $400 per hour. The Alaska Supreme Court and numerous Superior Court judges in

---

[15] *Chalmers v. Los Angeles*, 796 F.2d 1205, 1211 (9th Cir. 1986).

[16] *T.B. v. San Diego Unified Sch. Dist.*, 2017 U.S. Dist. LEXIS 218434, at * 27 (S.D. Cal. Oct. 2, 2017) (citing *United Steel Workers of America v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990)).

[17] *Id.*

[18] *Tolentino v. Friedman*, 46 F.3d 645, 652 (7th Cir. 1995).

PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR ATTORNEY'S FEES
*Jeannie Duvall, et al. v. Portfolio Recovery Assocs., LLC*
Case No.: 3:20-cv-00089-JWS (consolidated)
Page 6 of 11

Alaska have approved this rate as a reasonable.[19]

Goriune Dudukgian has more than 20 years of legal experience, including a 1-year clerkship with the Alaska Supreme Court. He has worked on dozens of consumer law cases in his career. Mr. Dudukgian's standard billing rate is $375 per hour. This rate was paid by the Alaska Attorney General's Office in settling two recent cases in 2020.[20]

Nicholas Feronti is a 2016 graduate from Northwestern University School of Law.[21] He is a member of the Texas Bar.[22] Before joining NJP, he worked as a staff attorney with Alaska Legal Services Corporation, where he practiced consumer law

---

[19]    *See Declaration of James J. Davis, Jr.* at ¶5.

[20]    *See Declaration of Goriune Dudukgian* at ¶7. In Mr. Dudukgian's two most recent contested fee applications, the court approved an hourly rate of $350 in *Midland Funding, LLC v. Hartsock,* Case No. 1JU-14-970 CI (Juneau Superior Court Judge Louis Menendez) and *Krone v. State*, Case No. 3AN-05-10283 CI (Presiding Superior Court Judge William F. Morse). *See id.* at ¶8. These fee awards were issued in 2016 and 2015, respectively. *See id.* Since that time, Mr. Dudukgian has increased his rate slightly to $375 per hour to account for inflation and his additional legal experience. *See id.*

[21]    *See Declaration of Nicholas Feronti* at ¶2.

[22]    *Id.* at ¶4. In email correspondence between counsel concerning attorney's fees, which is attached as Exhibit 2 to the Dudukgian declaration, counsel for Portfolio indicated that the plaintiffs could not recover any attorney's fees for Mr. Feronti's work in this case because he is not licensed in Alaska. However, when an attorney who is not admitted to practice in the forum district and does not seek *pro hac vice* admission may still recover fees for the attorney's work as long as the attorney did not "appear" in the action. *See Winterrowd v. Am. Gen. Annuity Ins. Co.,* 556 F.3d 815, 823 (9th Cir. 2009*)*. Here, Mr. Feronti did not physically appear before the Court, did not sign any pleadings, and did not have exclusive contact with the plaintiffs or with opposing counsel. *Compare id.* at 824-825. Furthermore, all of Mr. Feronti's work was filtered through a licensed in-state attorney who was admitted to the local court and subject to its discipline. Thus, Mr. Feronti's work is compensable. *See also Waite v. Clark Cty. Collection Serv.*, LLC, 606 F. App'x 864, 866 (9th Cir. 2015).

PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR ATTORNEY'S FEES
*Jeannie Duvall, et al. v. Portfolio Recovery Assocs., LLC*
Case No.: 3:20-cv-00089-JWS (consolidated)
Page 7 of 11

Case 3:20-cv-00089-JWS   Document 30   Filed 01/27/21   Page 7 of 11

(among other specialties) under an Alaska Bar Rule 43 waiver for legal services employees. In August 2020, his billing rate of $250 per hour was approved in a fee award by the Presiding Superior Court Judge in Anchorage.[23]

Based on the foregoing, this Court should find that these rates for the NJP attorneys are reasonable and justified by their respective experience.

### 2. The Hours Billed by Plaintiffs' Counsel Were Reasonably Incurred.

After exercising billing discretion, plaintiffs' counsel collectively spent a total of 80.8 hours litigating these three cases. In support of this motion, the plaintiffs have submitted detailed billing records showing when work was performed, who performed it, at what hourly rate, for how long, and to what end. These time records easily satisfy the degree of specificity required by the Ninth Circuit.[24]

A careful review of the plaintiffs' billing records will show that counsel meticulously and contemporaneously tracked their time,[25] and that all of the work performed was reasonably necessary to achieve a successful result for the plaintiffs. Of particular note, however, is that the bulk of these fees could have been avoided by

---

[23]   *Declaration of Nicholas Feronti* at ¶6.

[24]   *See, e.g., Lytle v. Carl,* 382 F.3d 978, 989 (9th Cir. 2004); *Trustees of Dirs. Guild of Am.-Producer Pension Benefits Plans v. Tise*, 234 F.3d 415, 427 (9th Cir. 2000).

[25]   The cases were initially billed separately under three separate clients. However, when the cases were consolidated, the plaintiffs' counsel began billing the bulk of their time to the Duvall case, which was designated by the Court as the lead case.

PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR ATTORNEY'S FEES
*Jeannie Duvall, et al. v. Portfolio Recovery Assocs., LLC*
Case No.: 3:20-cv-00089-JWS (consolidated)
Page 8 of 11

Portfolio, had it shown some restraint. After all, given the strength of the plaintiffs' cases, Portfolio could and should have pursued settlement almost immediately.

Instead, Portfolio decided to litigate meritless motions to dismiss. Then, Portfolio dragged this case out through unnecessary pretrial work, effectively forcing the plaintiffs to draft disclosures, to consult with an expert, to have a planning meeting, and to draft up necessary discovery requests in preparation for summary judgment briefing, and more.

As the Fifth Circuit observed long ago, in *McGowan v. King, Inc.*, 661 F.2d 48, 51 (5th Cir. 1981), the harder a defendant fights in a consumer action, the larger the fees necessarily become:

> The [consumer's] counsel did not inflate this small case into a large one; its protraction resulted from the stalwart defense. And although defendants are not required to yield an inch or to pay a dime not due, they may by militant resistance increase the exertions required of their opponents and thus, if unsuccessful, be required to bear that cost.

This case is another prime example of this phenomenon.

### C. The Plaintiffs are Entitled to a Supplemental Award of Attorney's Fees for the Time Expended Upon this Motion.

In statutory attorney's fee cases, a supplemental award of fees is appropriate for the time that attorneys spend in establishing the entitlement to fees or the amount of fees.[26] Indeed, as the Ninth Circuit has recognized, "it would be inconsistent to dilute a fees award by refusing to compensate attorneys for the time they reasonably spent in

---

[26]    *Camacho*, 523 F.3d at 981-82.

PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR ATTORNEY'S FEES
*Jeannie Duvall, et al. v. Portfolio Recovery Assocs., LLC*
Case No.: 3:20-cv-00089-JWS (consolidated)
Page 9 of 11

establishing their rightful claim to the fee."[27] Thus, the plaintiffs are also entitled to fees for the time and expenses incurred in preparing this motion, along with any reply.[28]

In email correspondence,[29] counsel insinuated that *Guerrero v. Cummings*, 70 F.3d 1111, 1114 (9th Cir. 1995), bars the recovery of fees incurred after Portfolio served its offers of judgment. However, *Guerrero* is clearly distinguishable. That case involved an offer of judgment that explicitly limited recovery of attorney's fees to those incurred *prior to* the offer date.[30] By contrast, the offers in this case contain no such limiting language. (Docs. 23-25)

## III.    CONCLUSION

In accord with 15 U.S.C. § 1692k(a)(3) and the terms of Portfolio's offers of judgment, and per the lodestar calculation, this Court should award the plaintiffs $26,220 in attorney's fees, plus any additional fees incurred in preparing a reply.

Dated: January 27, 2021                      NORTHERN JUSTICE PROJECT, LLC
                                             Attorneys for Plaintiffs


                                             By:  /s/ Goriune Dudukgian
                                                 Goriune Dudukgian, ABA No. 0506051
                                                 James J. Davis, Jr., ABA No. 9412140

---

[27]    *In re Nucorp Energy*, 764 F.2d 655, 660 (9th Cir. 1985) (citing *Southeast Legal Defense Group v. Adams*, 657 F.2d 1118, 1126 (9th Cir. 1981)).

[28]    Documentation of supplemental hours and fees will be submitted upon the filing of plaintiffs' reply.

[29]    *See Declaration of Goriune Dudukgian* at Exhibit 1, p.2.

[30]    *Guerrero,* 70 F.3d at 1112.

PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR ATTORNEY'S FEES
*Jeannie Duvall, et al. v. Portfolio Recovery Assocs., LLC*
Case No.: 3:20-cv-00089-JWS (consolidated)
Page 10 of 11

**CERTIFICATE OF SERVICE**

I hereby certify that on January 27, 2021, a copy of
the foregoing document was served electronically
on the following persons via the CM/ECF system:


George Cruickshank

/s/ Goriune Dudukgian

PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR ATTORNEY'S FEES
*Jeannie Duvall, et al. v. Portfolio Recovery Assocs., LLC*
Case No.: 3:20-cv-00089-JWS (consolidated)
Page 11 of 11