Goriune Dudukgian, AK Bar No. 0506051
James J. Davis, Jr., AK Bar No. 9412140
**NORTHERN JUSTICE PROJECT, LLC**
406 G Street, Suite 207
Anchorage, AK 99501
Tel: (907) 308-3395
Fax: (866) 813-8645
Email: gdudukgian@njp-law.com
Email: jdavis@njp-law.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JEANNIE DUVALL, <br><br> ALLEASE RIDDLE, <br><br> LORRENA TERRY, <br><br> Plaintiffs, <br><br> vs. <br><br> PORTFOLIO RECOVERY ASSOCIATES, LLC, <br><br> Defendant. | Case No.: 3:20-cv-00089-JWS <br> Consolidated with <br> 3:20-cv-00090-JWS <br> 3:20-cv-00091-JWS <br><br> **DECLARATION OF GORIUNE DUDUKGIAN IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY'S FEES** |

I, Goriune Dudukgian, declare under penalty of perjury:

1. I am one of the founding partners of the Northern Justice Project, LLC ("NJP"), a private civil rights firm in Anchorage that specializes in civil rights and

DECLARATION OF GORIUNE DUDUKGIAN IN SUPPORT
OF PLAINTIFFS' MOTION FOR ATTORNEY'S FEES
*Jeannie Duvall, et al. v. Portfolio Recovery Assocs., LLC*
Case No.: 3:20-cv-00089-JWS (consolidated)
Page 1 of 7

Case 3:20-cv-00089-JWS   Document 31   Filed 01/27/21   Page 1 of 7

consumer class action lawsuits and special education law. I was co-counsel for the plaintiffs in the above-captioned consolidated cases.

2. I am a 2000 graduate from the UCLA School of Law and have more than 20 years of legal experience, including a 1-year clerkship with Justice Robert L. Eastaugh of the Alaska Supreme Court in 2000-2001. Since the end of my clerkship, I have been a public interest lawyer, specializing in civil rights and constitutional law, disability law, education law, and consumer law. In addition to my work with NJP, I worked as a staff attorney in the Anchorage office of Alaska Legal Services Corporation from September 2001 to June 2005 (full time) and from June 2005 to November 2018 (part time).

3. I am licensed to practice in both Alaska and California. I have appeared in numerous cases before the Alaska Supreme Court, the United States District Court for the District of Alaska, the Ninth Circuit Court of Appeals, and the D.C. Circuit Court of Appeals. I was lead or co-counsel in a number of reported decisions, including *M.M. v. State*, 462 P.3d 539 (Alaska 2020); *Radebaugh v. State*, 397 P.3d 285 (Alaska 2017); *Akiachak Native Community v. United States Dep't of Interior*, 827 F.3d 100 (D.C. Cir. 2016); *Hudson v. Citibank (South Dakota) NA*, 387 P.3d 42 (Alaska 2016); *Phillip v. State*, 347 P.3d 128 (Alaska App. 2015); *Native Village of Eyak v. Blank*, 688 F.3d 619 (9th Cir. 2012); *Albrecht v. Alaska Trustee, LLC,* 286 P.3d 1059 (Alaska 2012); *Reed v. Parrish*, 286 P.3d 1054 (Alaska 2012); *Roberson v. Manning,* 268 P.3d 1090 (Alaska 2012); *Roberson v. Southwood Manor Associates, LLC*, 249 P.3d 1059 (Alaska 2011); *Smart v.*

DECLARATION OF GORIUNE DUDUKGIAN IN SUPPORT
OF PLAINTIFFS' MOTION FOR ATTORNEY'S FEES
*Jeannie Duvall, et al. v. Portfolio Recovery Assocs., LLC*
Case No.: 3:20-cv-00089-JWS (consolidated)
Page 2 of 7

Case 3:20-cv-00089-JWS   Document 31   Filed 01/27/21   Page 2 of 7

*State,* 237 P.3d 1010 (Alaska 2010); *Krone v. State*, 222 P.3d 250 (Alaska 2009); *Heitz v. State*, 215 P.3d 302 (Alaska 2009); *Okuley v. State*, 214 P.3d 247 (Alaska 2009); *Wooten v. Hinton*, 202 P.3d 1148 (Alaska 2009); *Baker v. State*, 191 P.3d 1005 (Alaska 2008); *Native Village of Eyak v. Evans*, 375 F.3d 1218 (9th Cir. 2004) (en banc); *State v. Kenaitze Indian Tribe*, 83 P.3d 1060 (Alaska 2004).

4. In addition to these reported cases, I have successfully handled a number of class actions and other complex lawsuits at the trial court level, including: *Komet Being, et al. v. Adam Crum, et al.*, Case No. 3:19-cv-00060-HRH (stipulated settlement reached in putative class action against State of Alaska challenging regulation that denies medically necessary treatment for gender dysphoria to Alaska Medicaid recipients); *Jennifer Spencer, et al. v. Adam Crum, et al.*, Case No. 3:19-cv-00087-SLG (settlement of putative class action challenging State of Alaska's systemic and long-standing failure to provide Medicaid coverage to eligible applicants with reasonable promptness); *Pruitt v. State, Dep't of Corrections*, Case No. 3AN-16-6013 CI (holding that Alaska's "Guilty But Mentally Ill" statute, which categorically denies parole to mentally ill prisoners, violated the Americans with Disabilities Act and the due process rights of prisoner with schizophrenia, leading to prisoner's release from prison after 17 years of incarceration); *Putnam v. Anchorage School District*, Case No. 3AN-15-7003 CI (class action lawsuit against Anchorage School District for violating due process when suspending students from school, leading Alaska's largest school district to revise its suspension notices so

DECLARATION OF GORIUNE DUDUKGIAN IN SUPPORT
OF PLAINTIFFS' MOTION FOR ATTORNEY'S FEES
*Jeannie Duvall, et al. v. Portfolio Recovery Assocs., LLC*
Case No.: 3:20-cv-00089-JWS (consolidated)
Page 3 of 7

Case 3:20-cv-00089-JWS   Document 31   Filed 01/27/21   Page 3 of 7

that parents are now informed of the legal and factual reasons for a student's suspension); *Gesulga v. Municipality of Anchorage*, Case No. 3AN-ll-12856 CI (leading to the repeal of zoning ordinance that discriminated against disabled individuals); *Mulgrew v. State*, Case No. 3AN-10-6273 CI (holding that State of Alaska's reimbursement protocol for foster and adoptive parents violated federal law); *Paramore v. State*, Case No. 3AN-10-9035 CI (entry of statewide injunction against Alaska's Medicaid system for violating due process rights of Medicaid recipients when denying Medicaid services); *Myers v. Sebelius*, Case No. 3-09-CV-l 75-TMB (class action against federal and state governments which successfully led to the lifting of the federal government imposed "moratorium" on Medicaid Waiver applications in Alaska); *Moore v. Weidner Investment Services Inc.*, Case No. 3AN-06-09690 CI (certified class action of tenants against "Alaska's largest landlord" which led to statewide refunds of excessive late fees and permanent reduction of all future late fees); and *Carl v. Wynn's Extended Care, Inc.,* Case No. 3AN-07-6398 CI (certified class action of consumers against one of Alaska's largest auto warranty distributors which led to defendant's abandonment of mandatory arbitration in California).

5. I have handled dozens of consumer law cases in my career involving unfair debt collection, predatory lending, fraudulent conduct, and other unfair and deceptive practices.

6. I have extensive trial experience. I have tried more than 15 cases in state

DECLARATION OF GORIUNE DUDUKGIAN IN SUPPORT
OF PLAINTIFFS' MOTION FOR ATTORNEY'S FEES
*Jeannie Duvall, et al. v. Portfolio Recovery Assocs., LLC*
Case No.: 3:20-cv-00089-JWS (consolidated)
Page 4 of 7

and federal court. I also handled countless eviction, domestic violence, and administrative hearings while a staff attorney at Alaska Legal Services Corporation.

7. My current billing rate is $375 per hour. This is the rate that I charge to NJP's paying clients. This is also the rate that the Alaska Attorney General's Office agreed to pay for my time in settling two recent cases: *Jennifer Spencer, et al. v. Adam Crum, et al.*, Case No. 3:19-cv-00087-SLG and *Komet Being, et al. v. Adam Crum, et al.*, Case No. 3:19-cv-00060-HRH.

8. In my two most recent contested fee applications, the court approved an hourly rate of $350 for my time in *Krone v. State*, Case No. 3AN-05-10283 CI (Presiding Superior Court Judge William F. Morse) and *Midland Funding, LLC v. Hartsock,* Case No. 1JU-14-970 CI (Juneau Superior Court Judge Louis Menendez). These fee awards were issued in 2015 and 2016, respectively. Since that time, I have increased my rate slightly to $375 per hour to account for inflation and the additional legal experience I have acquired.

9. Nick Feronti has been employed full-time by NJP since June 2019. I have personally supervised much of Mr. Feronti's work at NJP. He is an exceptionally smart and efficient attorney. My firm bills for Mr. Feronti's time at the rate of $250 per hour. My firm tried to minimize the attorney's fees incurred by the plaintiffs in these cases by assigning as much work as possible to Mr. Feronti, given his lower billing rate. However,

DECLARATION OF GORIUNE DUDUKGIAN IN SUPPORT
OF PLAINTIFFS' MOTION FOR ATTORNEY'S FEES
*Jeannie Duvall, et al. v. Portfolio Recovery Assocs., LLC*
Case No.: 3:20-cv-00089-JWS (consolidated)
Page 5 of 7

Case 3:20-cv-00089-JWS   Document 31   Filed 01/27/21   Page 5 of 7

all work was reviewed and edited and signed off by a licensed attorney – either myself or my partner, Jim Davis – before filing with the Court.

10. I am familiar with the billing rates of lawyers in Alaska because I have been in private practice since 2005. In my opinion, a rate of $250 per hour is commensurate with the market rate in Anchorage for a lawyer with Mr. Feronti's skill and experience.

11. My firm represented the plaintiffs in this case on a pro bono basis, essentially working on the contingency that no fees or costs would be recovered unless the Court permitted such a recovery. My firm has not received any compensation from the plaintiffs, or from any other source, for the work performed on these cases.

12. Attached hereto as Exhibit 1 is email correspondence with George M. Cruickshank, counsel for defendant Portfolio Recover Associates, LLC, in which Portfolio offered to pay only $6,000 for *both* attorney's fees and costs in all three cases. After accounting for costs, Portfolio offered to pay only $4,800 in attorney's fees, which is less than 20% of the lodestar amount.

13. During the course of my representation of the plaintiffs, I kept contemporaneous track of my billable time using my firm's timekeeping software (TimeSolv). Attached hereto as Exhibit 2 is a print-out of a TimeSolv report detailing the services I provided to the plaintiffs in this case. As of the time of this declaration, and after exercising billing discretion, I have billed a total of 39.4 hours on the three cases. At the rate of $375 per hour, my attorney's fees amount to $14,775.

DECLARATION OF GORIUNE DUDUKGIAN IN SUPPORT
OF PLAINTIFFS' MOTION FOR ATTORNEY'S FEES
*Jeannie Duvall, et al. v. Portfolio Recovery Assocs., LLC*
Case No.: 3:20-cv-00089-JWS (consolidated)
Page 6 of 7

Case 3:20-cv-00089-JWS   Document 31   Filed 01/27/21   Page 6 of 7

14. I declare under penalty of perjury under the laws of the United States of America and the State of Alaska that the foregoing is true and correct to the best of my knowledge.

EXECUTED this 26th day of January, 2021 at Los Angeles, California.

/s/ Goriune Dudukgian
Goriune Dudukgian, AK Bar No. 0506051

DECLARATION OF GORIUNE DUDUKGIAN IN SUPPORT
OF PLAINTIFFS' MOTION FOR ATTORNEY'S FEES
*Jeannie Duvall, et al. v. Portfolio Recovery Assocs., LLC*
Case No.: 3:20-cv-00089-JWS (consolidated)
Page 7 of 7