Goriune Dudukgian, AK Bar No. 0506051
James J. Davis, Jr., AK Bar No. 9412140
**NORTHERN JUSTICE PROJECT, LLC**
406 G Street, Suite 207
Anchorage, AK 99501
Tel: (907) 308-3395
Fax: (866) 813-8645
Email: gdudukgian@njp-law.com
Email: jdavis@njp-law.com

Attorneys for the Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JEANNIE DUVALL,<br><br>ALLEASE RIDDLE,<br><br>LORRENA TERRY,<br><br>      Plaintiffs,<br><br>vs.<br><br>PORTFOLIO RECOVERY<br>ASSOCIATES, LLC,<br><br>      Defendant. | Case No.: 3:20-cv-00089-JWS<br>    Consolidated with<br>     3:20-cv-00090-JWS<br>     3:20-cv-00091-JWS<br><br>**DECLARATION OF JAMES J. DAVIS, JR. IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY'S FEES** |

I, James J. Davis, Jr., declare under penalty of perjury:

    1.    I am a 1987 graduate from the University of Michigan Law School

and have almost 30 years of legal experience. That experience includes lawyering

for an international law firm (Pillsbury, Madison and Sutro, now known as

DECLARATION OF JAMES J. DAVIS, JR. IN SUPPORT
OF PLAINTIFFS' MOTION FOR ATTORNEY'S FEES
*Jeannie Duvall, et al. v. Portfolio Recovery Assoc., LLC*
Case No.: 3:20-cv-00089-JWS (consolidated)
Page 1 of 5

Pillsbury Winthrop Shaw Pittman), teaching at Stanford Law School's clinical law program (1999·2001), serving as Alaska Legal Services Corporation's ("ALSC") "Statewide Litigation Attorney" (in which capacity I supervise or co-counsel most of ALSC's complex litigation), and co-founding the Northern Justice Project, LLC, a private civil rights firm that specializes in class action and other complex "public interest" litigation.

2.      My work has focused on a number of areas affecting low-income Alaskans, including constitutional law, the Indian Child Welfare Act, public benefits, housing rights, consumer law, and Native law. I have been lead or co-counsel in a number of reported cases. *See, e.g., Anderson v. Alaska Hous. Fin. Corp.*, 462 P.3d 19 (Alaska 2020)(holding that the State of Alaska had to comply with due process before conducting a nonjudicial foreclosure); *Alaska Trustee, LLC v. Ambridge, Alaska Tr., LLC v. Ambridge*, 372 P.3d 207 (Alaska 2016) (holding that the federal Fair Debt Collection Practices Act applies to foreclosure practices); *Native Vi1lage of Tununak v. State,* 303 P.3d 431, 449 (Alaska 2013) ("[W]e now recognize that a heightened standard of proof is required to ensure that the good cause determination [in ICWA cases] is made in accordance with this policy. Therefore, we conclude that more good than harm will result from overruling our prior holdings."); *Osbakken v. Whittington,* 289 P.3d 894, 896 (Alaska 2012) ("We agree with the beneficiaries that the plain language of AS 45.50.535(a)

DECLARATION OF JAMES J. DAVIS, JR. IN SUPPORT
OF PLAINTIFFS' MOTION FOR ATTORNEY'S FEES
*Jeannie Duvall, et al. v. Portfolio Recovery Assoc., LLC*
Case No.: 3:20-cv-00089-JWS (consolidated)
Page 2 of 5

resolves the issue of whether non-party injunctive relief is available under UTPA-

the benefit of an injunction broadly prohibiting a seller or lessor from continuing

to engage in unfair trade practices would absolutely apply to nonparties."); *Smart*

*v. State,* 237 P.3d 1010 (Alaska 2010) (holding that Medicaid providers have due

process rights in their Medicaid payments and that the State of Alaska violated

those rights in how it sought to recover alleged overpayments); *Krone v. State,*

222 P.3d 250 (Alaska 2009) (holding that successful class counsel are entitled to

fee multipliers where exemplary results are obtained); *Pepper v. Routh Crabtree,*

*APC,* 219 P.3d 1017 (Alaska 2009) (holding that the *Noerr- Pennington* doctrine

does not protect abusive debt collectors from affirmative litigation and holding

that lawyers who are debt collectors are liable under Alaska's consumer

protection act, just like other debt collectors); *Heitz v. State,* 215 P.3d 302 (Alaska

2009) (holding that foster parents have due process rights in their foster care

payments and that the State of Alaska violated those rights in how it sought to

recoup alleged overpayments); *Dep' t of Health & Soc. Servs. V. Okuley,* 214 P.3d

247 (Alaska 2009) (holding that "common fund doctrine" applies in public interest

context); *Baker v. State,* 191 P.3d 1005 (Alaska 2008) (holding that State of

Alaska violated the due process rights of hundreds of disabled Alaskans receiving

Medicaid services when it sought to reduce or terminate their benefits); *Native*

*Village of Curyung, et al. v. State of Alaska, et al.,* 151 P.3d 388 Waska 2006)

DECLARATION OF JAMES J. DAVIS, JR. IN SUPPORT
OF PLAINTIFFS' MOTION FOR ATTORNEY'S FEES
*Jeannie Duvall, et al. v. Portfolio Recovery Assoc., LLC*
Case No.: 3:20-cv-00089-JWS (consolidated)
Page 3 of 5

(holding *inter alia,* that Alaska's Native tribes could bring *parens patrae* suits on behalf of their members and had standing to sue the state for violation of the Indian Child Welfare Act); *Garber v. State,* 63 P.3d 264 (Alaska 2003) (holding that the State of Alaska's public assistance agency abused its discretion by failing to consider hardship factors in evaluating Medicaid requests); *Chilton-Wren v. Olds,* 1 P.3d 693 (Alaska 2000) (holding that tenants have the right to state counterclaims in eviction proceedings and have the right to have those claims tried to a jury); *Kopanuk v. AVCP Regional Housing Authority,* 902 P.2d 813 (Alaska 1995) (holding that Alaska's public housing authorities cannot use eviction proceedings against Native families buying homes through HUD's "Mutual Help Program").

3.      In addition to these reported cases, I have successfully litigated various other complex litigations. *See, e.g., Gesula, et al. v. Municipality of Anchorage,* 3AN·11·12856 CI (leading to repeal of Anchorage zoning ordinance that discriminated against disabled individuals) (Judge Marston); *Mulgrew, et al.; State of Alaska, et al,* Case No. 3AN·10·6273 CI (holding that State's reimbursement protocol for foster and adoptive parents violated federal law) (Judge Rindner); *Paramore, et al. v. State of Alaska,* Case No. 3AN-10·9035 CI (entry of statewide injunction against State's Medicaid system for violating due process rights of Medicaid recipients when denying recipients' their Medicaid

DECLARATION OF JAMES J. DAVIS, JR. IN SUPPORT
OF PLAINTIFFS' MOTION FOR ATTORNEY'S FEES
*Jeannie Duvall, et al. v. Portfolio Recovery Assoc., LLC*
Case No.: 3:20-cv-00089-JWS (consolidated)
Page 4 of 5

benefits) (Judge Tan);

4.      My peers in the Alaska Bar have selected me as a "Super Lawyer" since 2013.

5.      My standard billing rate is $400.00 per hour. This is the rate the Supreme Court approved in *Anderson v. Alaska Hous. Fin. Corp.*, 462 P.3d 19 (Alaska 2020) and *Alaska Tr., LLC v. Ambridge*, 372 P.3d 207 (Alaska 2016). This is also the rate I charge at the Northern Justice Project, LLC.

6.      During the course of my representation of the plaintiffs, I kept contemporaneous track of my billable time using my firm's timekeeping software (TimeSolv). Attached hereto as Exhibit 1 is a print-out of a TimeSolv report detailing the services I provided to the plaintiffs in this case. As of the time of this declaration, I have billed a total of 7.3 hours on the three cases. At the rate of $400 per hour, my attorney's fees amount to $2920.

7.      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

FURTHER YOUR AFFIANT SAYETH NAUGHT.

*James J. Davis, Jr.*
JAMES J. DAVIS, JR.

DECLARATION OF JAMES J. DAVIS, JR. IN SUPPORT
OF PLAINTIFFS' MOTION FOR ATTORNEY'S FEES
*Jeannie Duvall, et al. v. Portfolio Recovery Assoc., LLC*
Case No.: 3:20-cv-00089-JWS (consolidated)
Page 5 of 5