Goriune Dudukgian, AK Bar No. 0506051
James J. Davis, Jr., AK Bar No. 9412140
**NORTHERN JUSTICE PROJECT, LLC**
406 G Street, Suite 207
Anchorage, AK 99501
Tel: (907) 308-3395
Fax: (866) 813-8645
Email: gdudukgian@njp-law.com
Email: jdavis@njp-law.com

Attorneys for the Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JEANNIE DUVALL,<br><br>ALLEASE RIDDLE,<br><br>LORRENA TERRY,<br><br>    Plaintiffs,<br><br>vs.<br><br>PORTFOLIO RECOVERY<br>ASSOCIATES, LLC,<br><br>    Defendant. | Case No.: 3:20-cv-00089-JWS<br> Consolidated with<br>  3:20-cv-00090-JWS<br>  3:20-cv-00091-JWS<br><br><br>**REPLY IN SUPPORT OF<br>PLAINTIFFS' MOTION FOR<br>ATTORNEY'S FEES** |

## I.   PRELIMINARY STATEMENT

  Plaintiffs Jeannie Duvall, Allease Riddle, and Lorrena Terry have moved for an

award of reasonable attorney's fees in this case arising under the Fair Debt Collection

Practices Act (FDCPA). In its cursory opposition, defendant Portfolio Recovery

REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY'S FEES
*Jeannie Duvall, et al. v. Portfolio Recovery Assocs., LLC*
Case No.: 3:20-cv-00089-JWS (consolidated)
Page 1 of 10

Case 3:20-cv-00089-JWS   Document 40   Filed 02/08/21   Page 1 of 10

Associates, LLC ("Portfolio") **concedes** by its silence that (1) an award of reasonable fees is *mandatory* in a "successful action" under the FDCPA;[1] (2) the plaintiffs were successful in this action; (3) the lodestar method is used to calculate attorney's fee awards in FDCPA cases;[2] (4) the hourly rates claimed by plaintiffs' attorneys are reasonable and commensurate with the prevailing market rate for attorneys with their skill, experience, and reputation; (5) *all* of the time billed by plaintiffs' counsel before acceptance of Portfolio's offers of judgment on December 18, 2020 was reasonably necessary to achieve the successful outcome for the plaintiffs; and (6) plaintiffs' counsel has sufficiently documented and itemized the work performed in this case.

Portfolio makes only two narrow arguments in its opposition. First, PRA argues as a legal matter that the plaintiffs are not entitled to any fees incurred after acceptance of PRA's offers of judgment, including fees associated with the filing of this fee petition. (Doc. 39 at 3, 5-6) Second, PRA argues as a factual matter that the plaintiffs "refused to negotiate a reasonable fee award" and "unreasonably forced this fee petition." (*Id.* at 4) As shown below, Portfolio's first argument is at odds with the plain language of its own offers of judgment and controlling Ninth Circuit precedent, and the second argument is at odds with the evidence before this Court.

Therefore, plaintiffs now respectfully request that this Court grant their motion for

---

[1]     *See* 15 U.S.C. § 1692k(a)(3); *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) ("The FDCPA's statutory language makes an award of fees mandatory.").

[2]     *See Camacho*, 523 F.3d at 978.

REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY'S FEES
*Jeannie Duvall, et al. v. Portfolio Recovery Assocs., LLC*
Case No.: 3:20-cv-00089-JWS (consolidated)
Page 2 of 10

reasonable attorney's fees in the amount of $28,120.[3]

## II.    ARGUMENT AND AUTHORITIES

### A. Plaintiffs Are Entitled to Post-Offer Fees.

Portfolio's primary argument in its opposition is that the plaintiffs are not entitled to recover any fees incurred after December 18, 2020, i.e., the date on which they accepted Portfolio's offers of judgment. (Doc. 39 at 3) Portfolio states that its argument is based on "logic and reason," but it is conspicuously light on legal citations. This is because Portfolio's argument is squarely at odds with controlling Ninth Circuit precedent.[4]

It is well settled in the Ninth Circuit that "a prevailing plaintiff may sue for reasonable attorneys' fees unless the defendant shows that the plaintiff *clearly waived*

---

[3]     Plaintiffs' lodestar when they filed their opening motion was $26,220. As detailed in the *Supplemental Declaration of Goriune Dudukgian* filed herewith, plaintiffs have since incurred an additional $1,900 in attorney's fees. Plaintiffs therefore request a total award of $28,120.

[4]     Portfolio also argues, as a factual matter, that plaintiffs' "counsel continued to bill for unnecessary work on these matters" after accepting Portfolio's offers of judgment. (Doc. 39 at 3) The work that Portfolio contends was "unnecessary" consists of discovery requests that were served on Portfolio on January 8, 2021. (*Id.* at 2-3) These discovery requests were limited to the issue of reasonable attorney's fees. *See Supplemental Declaration of Goriune Dudukgian* at ¶¶ 2-3 and Exhibit 1. Plaintiffs' counsel billed less than 1 hour for drafting these discovery requests. (Doc. 31-2 at 5; Doc. 32-1 at 3) This *de minimis* time was reasonably spent given Portfolio's contention that plaintiffs' reasonable attorney's fees for all three cases was only $4,800 (which is less than 20% of the lodestar amount). *See, e.g., Pollard v. E.I. DuPont de Nemours & Co.*, No. 95-3010 MIV, 2004 U.S. Dist. LEXIS 6345, at * 9-10 (W.D. Tenn. Feb. 24, 2004) (holding that "the time spent by the defense counsel . . . may well be the best measure of what amount of time is reasonable," calling it a "logical yardstick."); *see also Henson v. Columbus Bank & Trust Co.*, 770 F.2d 1566, 1574-75 (11th Cir. 1985) (holding that district courts have discretion to allow discovery with regard to the number of hours spent on a case by defense counsel).

REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY'S FEES
*Jeannie Duvall, et al. v. Portfolio Recovery Assocs., LLC*
Case No.: 3:20-cv-00089-JWS (consolidated)
Page 3 of 10

fees as part of the settlement."[5] A court will enforce a waiver or limitation of fees only if "the parties specifically agree to limit or exclude payment for counsel" in the settlement agreement.[6] The burden is on the losing party to establish a "clear and unambiguous" waiver of the statutory right to attorney's fees.[7]

The requirement for a "clear and unambiguous" waiver applies with equal force in the context of a Rule 68 offer of judgment.[8] In *Holland*, the court squarely addressed the question presented here: "Can . . . plaintiffs who accept a Rule 68 offer of judgment recover attorney's fees for preparing a post-offer fee petition?"[9] The court held that post-offer fees are indeed recoverable unless the "offer of judgment clearly and unambiguously limited attorney's fees to those incurred prior to the offer."[10] Thus, a Rule 68 offeror who "wishes to exclude post-offer fees . . . must do so specifically and precisely."[11] Moreover, any ambiguities in an offer of judgment must be construed against the drafter.[12]

---

[5] *Muckleshoot Tribe v. Puget Sound Power & Light Co.*, 875 F.2d 695, 697 (9th Cir. 1989) (emphasis added).

[6] *Id.* at 698.

[7] *Id.* (citing *El Club Del Barrio, Inc. v. United Community Corps.*, 735 F.2d 98, 99 (3d Cir. 1984)); *Erdman v. Cochise County*, 926 F.2d 877, 880 (9th Cir. 1991) (holding that any waiver or limitation of attorney's fees must be "clear and unambiguous").

[8] *Holland v. Roeser*, 37 F.3d 501, 503-04 (9th Cir. 1994).

[9] *Id.* at 503.

[10] *Id.* at 504.

[11] *Sampson v. Embassy Suites*, No. 95-7794, 1998 U.S. Dist. LEXIS 16646, at *6 (E.D. Pa. Oct. 16, 1998); *see also Aguayo v. Bassam Odeh, Inc.*, No. 3:13-CV-2951-B, 2016 U.S. Dist. LEXIS 169702, at *41 (N.D. Tex. Dec. 8, 2016) ("Explicit limits on fees to those incurred before the date of the offer are just that: explicit.").

[12] *Holland*, 37 F.3d at 504.

REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY'S FEES
*Jeannie Duvall, et al. v. Portfolio Recovery Assocs., LLC*
Case No.: 3:20-cv-00089-JWS (consolidated)
Page 4 of 10

Case 3:20-cv-00089-JWS   Document 40   Filed 02/08/21   Page 4 of 10

Two Ninth Circuit cases illustrate the degree of specificity required to exclude post-offer fees from a Rule 68 offer of judgment. In *Guerrero v. Cummings*,[13] the Rule 68 offer explicitly limited fees and costs to those "*incurred by this plaintiff prior to the date of this offer* in an amount to be set by the court."[14] The court held that "the plain language of the settlement offers limit[ed] attorney fees to those accrued prior to the date of the offers," and that the plaintiffs "acceptance clearly and unambiguously waived attorney fees incurred thereafter."[15]

By contrast, the *Holland* court found that an offer of judgment that provided for "costs now accrued *and reasonable attorney fees as determined by the court*" was ambiguous.[16] The court explained that an offer of judgment limiting itself to the language of Rule 68 and referring only to "costs now accrued" would satisfy the requirement of a "clear and ambiguous" limitation on attorney's fees.[17] However, because the *Holland* offer contained "additional, ambiguous language" allowing for "reasonable attorney fees as determined by the court" *in addition to* "costs now accrued," the court held that the offer was "no longer clear and unambiguous" and thus did not "did not limit the attorney's fee award to those fees incurred prior to the offer."[18]

---

[13]   70 F.3d 1111 (9th Cir. 1995).

[14]   *Id.* at 1113 (emphasis added by Ninth Circuit).

[15]   *Id.*

[16]   *Holland*, 37 F.3d at 503 (emphasis added by Ninth Circuit).

[17]   *Id.* at 504.

[18]   *Id.*

REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY'S FEES
*Jeannie Duvall, et al. v. Portfolio Recovery Assocs., LLC*
Case No.: 3:20-cv-00089-JWS (consolidated)
Page 5 of 10

Portfolio's Rule 68 offers in this case are similar to the ambiguous offer in *Holland*. Unlike the offer in *Guerrero*, Portfolio's offers do not contain an explicit and unambiguous temporal limitation on the recovery of attorney's fees. (Docs. 23-25) Moreover, as in *Holland*, Portfolio's offers are not limited to the "costs then accrued" language of Rule 68. (*Id.*) Rather, Portfolio's offers more broadly provide for "reasonable attorneys' fees and costs incurred by [the Plaintiffs] in prosecuting the claims alleged in [Plaintiffs'] Complaint in the above-captioned matter[s], pursuant to 15 U.S.C. §1692k(a)(3), as agreed to by the parties, and, in the event no agreement can be reached, as to be determined by the Court." (*Id.*)

Because the plaintiffs' complaint against Portfolio included a claim for "full reasonable attorney fees and costs," the plain language of Portfolio's Rule 68 offers *includes* post-offer work performed in prosecuting that fee claim. At the very least, Portfolio's *sui generis* offer language is ambiguous and does not clearly impose any clear temporal limitation on the recovery of attorney's fees.[19] Since the ambiguity in Portfolio's offer language must be construed against the drafter, this Court should hold that plaintiffs

---

[19]     The closest example that plaintiffs have found of Portfolio's offer language was in the recent case of *Eccles v. City of Lewiston Library Bd. of Trs.*, No. 3:20-cv-00119-DCN, 2021 U.S. Dist. LEXIS 17578 (D. Idaho Jan. 27, 2021). There, the Rule 68 offer provided for "reasonable attorney fees and costs incurred by Plaintiffs *in furtherance of their claims as of the date of this offer*." *Id.* at *18. The court held that the offer was ambiguous – because "'as of the date of this offer' could apply to either the reasonable attorneys' fees and costs incurred by Plaintiffs *or* to Plaintiffs' existing claims, or to both" – and the court therefore allowed for the recovery of fees incurred after the offer of judgment. *Id.* Portfolio's offers in this case are even more ambiguous, because they do not include *any* temporal limitation of fees as of the date of the offer.

REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY'S FEES
*Jeannie Duvall, et al. v. Portfolio Recovery Assocs., LLC*
Case No.: 3:20-cv-00089-JWS (consolidated)
Page 6 of 10

Case 3:20-cv-00089-JWS   Document 40   Filed 02/08/21   Page 6 of 10

are not precluded from recovering post-offer fees.

### B. PRA's Refusal to Offer a Reasonable Amount of Attorney's Fees Necessitated the Filing of this Motion.

Portfolio's secondary argument is that plaintiffs should not be awarded any fees on fees because they "unreasonably forced this fee petition." (Doc. 39 at 4) Portfolio acknowledges the binding Ninth Circuit precedent that "time spent in establishing the entitlement to and amount of [a reasonable fee] is compensable."[20] (*Id.* at 5) Nevertheless, Portfolio argues that the plaintiffs should be denied fees on fees because "Plaintiffs' counsel refused to negotiate a reasonable fee award prior to filing its briefing." (*Id.* at 4)

However, a review of the undisputed evidence in the record belies Portfolio's argument and establishes that *it was Portfolio* that "unreasonably forced this fee petition" by failing to make a good faith offer of fees even remotely approaching the lodestar amount. The following is a summary of the communications that preceded the filing of the instant motion:

- On December 18, 2020, the same day on which the plaintiffs accepted Portfolio's offers of judgment, counsel for the plaintiffs provided Portfolio with *detailed and itemized* billing records showing a lodestar amount at the time of $20,662.50. (Doc. 31-1 at 7-8)

- On January 6, 2021, Portfolio offered only "$6,000 total to resolve all three

---

[20]     *In re Nucorp Energy*, 764 F.2d 655, 660 (9th Cir. 1985).

REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY'S FEES
*Jeannie Duvall, et al. v. Portfolio Recovery Assocs., LLC*
Case No.: 3:20-cv-00089-JWS (consolidated)
Page 7 of 10

Case 3:20-cv-00089-JWS   Document 40   Filed 02/08/21   Page 7 of 10

instant matters, inclusive of fees and costs." (*Id.* at 7) Given the payment of $1,500 to each plaintiff under the terms of Portfolio's offers of judgment, and the plaintiffs' costs of $1,200 for three filing fees, Portfolio's initial offer amounted to only $300 in attorney's fees.

- On January 7, 2021, Portfolio clarified that its $6,000 offer was "separate and apart" from the $1,500 in damages paid to each plaintiff under Portfolio's offers of judgment. (*Id.* at 5-6) Still, after deducting the plaintiffs' costs, Portfolio's offer amounted to less than 25% of plaintiffs' reasonable attorney's fees. No explanation was offered by Portfolio as to why such a significant reduction in the lodestar amount was warranted.

- On January 7, 2021, counsel for the plaintiffs responded as follows: "At this time, you have given us no reason to reduce our fees. Is PRA objecting to any particular time entries? If so, please let us know which ones, and the basis for the objection(s), and we may reconsider. Is PRA objecting to our hourly rates? If so, on what basis? (Please note also that many judges in Alaska have approved our billing rates as reasonable.)." (*Id.* at 4)

- On January 8, 2021, Portfolio responded by identifying three categories of fees that were "objectionable," consisting of (1) fees or costs accrued after the offers of judgment were served; (2) "work done prematurely"; and (3) all work performed by Nick Feronti. (*Id.* at 3) Notably, Portfolio has abandoned all but the first of these objections in its opposition filed with

REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY'S FEES
*Jeannie Duvall, et al. v. Portfolio Recovery Assocs., LLC*
Case No.: 3:20-cv-00089-JWS (consolidated)
Page 8 of 10

Case 3:20-cv-00089-JWS   Document 40   Filed 02/08/21   Page 8 of 10

this Court. And the first objection, as discussed above, is legally erroneous.

- On January 8, 2021, Portfolio reiterated its offer of $6,000 for both attorney's fees and costs *for all three cases*. (*Id.* at 3) Portfolio never offered more than this amount prior to (or since) the filing of the instant motion.

Because an award of reasonable attorney's fees is *mandatory* under the FDCPA,[21] "as a means of fulfilling Congress's intent that the Act should be enforced by debtors acting as private attorneys general,"[22] and because Portfolio offered only a small fraction of plaintiffs' attorney's fees in this case, plaintiffs were fully justified in filing this motion.

## III. CONCLUSION

In accord with 15 U.S.C. § 1692k(a)(3) and the terms of Portfolio's offers of judgment, and per the lodestar calculation, this Court should award the plaintiffs $28,120 in attorney's fees.

Dated: February 8, 2021

NORTHERN JUSTICE PROJECT, LLC
Attorneys for Plaintiffs


By: /s/ Goriune Dudukgian
Goriune Dudukgian, ABA No. 0506051
James J. Davis, Jr., ABA No. 9412140

---

[21] *See Camacho*, 523 F.3d at 978.

[22] *Graziano v. Harrison*, 950 F.2d 107, 113 (3d Cir. 1991); *see also Tolentino v. Friedman*, 46 F.3d 645, 651 (7th Cir. 1995) ("The reason for mandatory fees is that congress chose a 'private attorney general' approach to assume enforcement of the FDCPA.").

REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY'S FEES
*Jeannie Duvall, et al. v. Portfolio Recovery Assocs., LLC*
Case No.: 3:20-cv-00089-JWS (consolidated)
Page 9 of 10

Case 3:20-cv-00089-JWS   Document 40   Filed 02/08/21   Page 9 of 10

**CERTIFICATE OF SERVICE**

I hereby certify that on February 8, 2021, a copy of the foregoing document was served electronically on the following persons via the CM/ECF system:

George Cruickshank

/s/ Goriune Dudukgian

REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY'S FEES
*Jeannie Duvall, et al. v. Portfolio Recovery Assocs., LLC*
Case No.: 3:20-cv-00089-JWS (consolidated)
Page 10 of 10